IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,029-01






EX PARTE JAMES CLIFFORD SPENCE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W93-22837-J(A) IN THE CRIMINAL DISTRICT COURT NO.3


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to sixty (60) years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because counsel tricked him into signing
the plea papers by burying them in a stack of papers counsel claimed Applicant had to sign so that
counsel could receive payment for his work on the case. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. Trial counsel shall be given an opportunity to respond to
the allegation. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection and court records. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
plea papers and all affidavits and interrogatories or the transcription of the court reporter's notes
from any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: March 21, 2007

Do not publish